UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| *CERF BROS. BAG CO.*, | ) | Cause No.  09-51141-659 |
| | ) | |
| Debtor, | ) | Adv. No. 11-4377-659 |
| | ) | |
| v. | ) | |
| CHARLES W. RISKE, | ) | |
| DISBURSING AGENT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| *ARON KATZMAN,* | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S TRIAL BRIEF**

For its Trial Brief, Plaintiff Charles W. Riske, Disbursing Agent, for the estate of Cerf Bros. Bag Co. (the "Disbursing Agent") states the following:

**I.     INTRODUCTION**

Cerf Bros. Bag Co. (the "Debtor") was in the business of manufacturing drop clothes, tarpaulins and other outdoor related bags.  Aron Katzman ("Defendant") is an individual who provided interim financing to the Debtor in the amount of $75,000.00 prior to its bankruptcy filing. Defendant had also loaned Debtor $100,000.00 by wire transfer but said loan was not repaid by the Debtor.

The Disbursing Agent's Complaint seeks to recover the monetary value of preferential Transfer totaling $75,000.00 (the "Transfer"). Each element of the Disbursing Agent's prima facie case is either admitted by Defendant or will be proven. The Transfer is avoidable and its

1

value is recoverable by the Disbursing Agent from Defendant, pursuant to 11 U.S.C. §§ 547 and 550.

## II. THE TRANSFER IS AVOIDABLE.

The prima facie case for avoidance of preferential Transfer requires the Disbursing Agent to show the following elements pursuant to 11 U.S.C. § 547(b);

    A.    The Transfer was Transfer of an interest of the Debtor in property;

    B.    The Transfer was to or for the benefit of a creditor;

    C.    The Transfer was for or on account of an antecedent debt owed by the debtor before the Transfer was made;

    D.    The Transfer was made while the debtor was insolvent;

    E.    The Transfer was made on or within 90 days before the date of the filing of the petition;

    F.    The Transfer enabled Defendant to receive more than he would receive if the case were a case under chapter 7 of the Bankruptcy Code, the Transfer had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

Even if this Court considers Defendant's responsive pleading sufficient to put an element of the prima facie case at issue, Defendant has admitted certain elements of the case and the Disbursing Agent will be prepared to prove the remaining elements at trial.

### A.   Transfer of an Interest of the Debtor in Property

In Paragraph 10 of his Answer to Plaintiff's Complaint, Defendant admitted that he received the Transfer by check listed in Exhibit A of the Complaint, *See* FEDR. BANKR. P, 7033(C). The admitted Transfer, totaling $75,000.00, is the only Transfer at issue in this adversary proceeding.

### B.   To or for the Benefit of a Creditor

As the checks in Exhibit A of the Complaint demonstrate, the Transfer was made to Defendant and, as discussed above, Defendant has admitted that he received it. There can be

no bona fide dispute that Defendant was a creditor of the Debtor, since Defendant claims that the check was a payment of "… a debt incurred by Debtor …", *See* Defendant's Answer.  Aff. Def. 3(b)

### C.    For or on Account of an Antecedent Debt

A debt is "antecedent" if it is incurred before the transfer. *In re CHG Intern,,* 897 F.2d 1479 (9th Cir. 1990); *In re Wey,* 78 B.R, 892, 895 (Bankr. C. D. 111. 1987),

Defendant elected to receive his repayment within the preference period.   The Transfer consists entirely of such repayment.   The Debtor's repayment obligation to Defendant arose at the time Defendant loaned Debtor $75,000.00 and when the time for repayment accrued.   Therefore, the Transfer was made on account of the antecedent debt of a loan taken by the Debtor to Defendant.

### D.    Made While the Debtor was Insolvent

The Debtor is presumed to be insolvent throughout the 90-day period preceding the bankruptcy ruling. 11 U.S.C. § 547(f).   The Transfer was made within that 90-day period. Defendant cannot present evidence sufficient to rebut that presumption.

### E.    Made Within 90 Days Before the Date of the Filing of the Petition

As the check demonstrates, the Transfer was made on October 14, 2009.   The 90-day period prior to the date of the Debtor's Chapter 11 runs from August 4, 2009 to November 2, 2009. This element of the prima facie case is therefore satisfied.

### F.    Hypothetical Chapter 7

"Unless the estate is sufficient to provide a 100% distribution, any unsecured creditor...who receives a payment during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation." *Still* v, *Rossville Bank (In re Chattanooga Wholesale Antiques),* 93 0 F.2d 458,465 (6th Cir. 1991), *citing In re Lawrence,* 82 B.R,

157,160 (Bankr. M.D. Ga. 1988); see *also In re marchFirst,* 381 B.R. 689, 695 (Bankr, N.D. 111. 2008). The Plaintiff satisfies its burden of proof on the Chapter 7 element merely by showing that the debtor's liabilities exceeded its assets on the date of the bankruptcy filing. *AFD Fund* v. *Transmed Food Dist,, Inc. (In re Ameriserve Food Dist, Inc.),* 315 B.R. 24, 32-33 (D. Del. 2004), *citing In re Tire Kings of America, Inc.,* 164 B.R. 40,42-43 (Bankr. M.D. Pa. 1993) (holding that "on the date of the filing of the petition with the liabilities far outnumbering the assets, unsecured creditors could not possibly have received one hundred percent (100%) distribution on their claims. Consequently, the Debtor has met his burden of proof as to the preferential nature of the Transfer in question").

Here, the Debtor's verified bankruptcy schedules show it to have been profoundly insolvent. *See American Bankv, Leasing Service Corp. (In re Air Conditioning, Inc.),* 845 F.2d 293,297 (11th Cir. 1988) (bankruptcy schedules admitted on judicial notice satisfy the Chapter 7 element).

### III. RECOVERY OF THE MONETARY VALUE OF THE AVOIDED TRANSFER.

The Estate may recover the monetary value of the Transfer from Defendant because the Transfer is avoidable under 11 U.S.C. § 547 and Defendant was the initial transferee, 11 U.S.C. § 550,

### IV. DEFENDANT'S AFFIRMATIVE DEFENSE

Even if this Court, in viewing Defendant's Response, finds that he alleged an ordinary course of business defense, Defendant cannot successfully prove the required elements at trial. Defendant bears the burden of proof on affirmative defenses. *In re Midway Airlines,* 69 F.3d 792,797 (7th Cir. 1995) (creditor must prove "ordinary course of business" defense by preponderance of the evidence).

4

415369.1

To prevail on the ordinary course of business defense of 11 U.S.C. § 547(c)(2), a post-BAPCPA defendant must satisfy either of two tests: (1) the objective test (whether the Transfer is in the ordinary course of business in the industry) or (2) the subjective test (whether the Transfer is in the ordinary course of business between the parties). *See Midway Airlines*, 69 F.3d at 798 (explaining the "subjective-objective dichotomy"). Defendant fails to prove that the transfer at issues was either objectively or subjectively ordinary.

A. Objective Test: Ordinary Course of Business in the Industry

To prove that the transfer was made according to objectively ordinary business terms, the creditor must show that the transfer is consistent with prevailing standards and payment patters as set by similarly situated companies in the creditor's industry. *In re U.S.A. Inns of Eureka Springs, Art., Inc.,* 9 F.3d 680, 685 (8th Cir. 1993). The creditor does not need to establish a uniform practice within the relevant industry, but rather, must demonstrate that the payment in question falls within the general range of terms prevalent in the debtor's industry. *Id*. The evidence does not need to be in the form of empirical data of the transferee's competitor's collection practices or take the form of expert testimony. The transferee can meet its burden of proof by producing testimonial evidence of one of its employees as to the range of prevailing practices within the relevant industry, provided that this testimony is based on first-hand knowledge. *Id.* at 685-86; *see also In re Bridge Info. Sys., Inc.,* 297 B.R. 759, 765 (Bankr. E.D. Mo. 2003) (McDonald, B.J.) (Affidavit of credit manager regarding prevailing practices within the newspaper industry regarding late payments sufficient to meet objective element).

Defendant has failed to proffer any specific data or any industry standards in his response, rendering his claims on this issue conclusory and insufficient. In sum, Defendant

5

415369.1

has presented this Court with no evidence that the Transfer satisfies the Objective Test of 11 U.S.C. § 547(c)(2).

    2. Subjective Test: Ordinary Course of Business Between the Parties

To satisfy the Subjective Test, Defendant must show that the Transfer was in the ordinary course of business between Defendant and the Debtor.   Defendant cannot satisfy the Subjective Test.

To determine whether the ordinary course of business defense applies, the court must engage in a "peculiarly factual analysis."  *Lovett v. St. Johnsbury Trucking*, 931 F.2d. 494, 497 (8th Cir.1991).   The court must consider the "consistency of the transaction[s] in question as compared to other, prior transactions between the parties."  *In re Laclede Steel Co.,* 271 B.R. at 131 (citing *Lovett*, 931 F.2d at 497).   The court should consider the following factors in analyzing the transaction history between the parties:

    1)    The length of time the parties were engaged in the transaction at issue;

    2)    Whether the amount or form of the tender differed from past practices;

    3)    Whether the creditor of the debtor engaged in any unusual collection or payment activity; and

    4)    Whether the creditor took advantage of the debtor's deteriorating financial condition.

*In re Laclede Steel Co.*, 271 B.R. at 131 n.3. "[I]f any one of the factors is compellingly inconsistent with prior transactions, the payment is deemed to be outside the ordinary course of business between the parties."  *Id*. at 131-32; *accord In re Spirit Holding Co., Inc.*, 214 B.R. 891, 907 (E.D.Mo. 1997), *aff'd,* 153 F. 3d 902 (8th Cir. 1998) (where the ordinary course of business defense did not apply because debtor changed the form of payment in a transfer during the preference period-debtor paid by wire transfer rather than by check).   The ordinary

course of business defense must be construed "narrowly, because it places one creditor on better footing than all other creditors." *In re Armstrong*, 291 F.3d 517, 527 (8th Cir.202) (citation omitted).

An ordinary course defense under §547(c)(2) will entail a showing that the transfer was routine and not atypical, fraudulent, or inconsistent with an arms-length commercial transaction. *Speco Corporation v. Canton Drop Forge, Inc. (In re Speco Corporation),* 218 B.R. 390,398 (Bankr. S.D.Ohio 1998)(holding that parents were not in the business of making loans to their children and failed to make requisite threshold showing that underlying debt was one incurred in ordinary course).

In this matter, there is no claim by the Defendant that he regularly lent money to the Debtor in the form and amount of the transfer in question. Nor is there any indication that the creation of the obligation between the Debtor and the Defendant constituted the continuation of a normal pattern of dealings between them. To the contrary, the purpose of the loan to the Debtor - to purchase goods to complete an order for a customer after Debtor's bank accounts had been seized - is not indicative of the type of transaction that would occur often between Defendant and Debtor.

As has been held in other courts in this circuit, the disparity in purpose and amounts between the previous debts and that at issue here will preclude a finding that the transaction is ordinary between the parties. *See e.g. In re Matlock*, 361 B.R. 879, 884 (W.D.Mo.2007).

### V. CONCLUSION

The Disbursing Agent's Complaint seeks to recover the monetary value of Transfer totaling $75,000.00. To the extent not admitted, the Disbursing Agent will prove its prima facie case, and Defendant cannot prove any affirmative defense. Therefore, this Court should

enter Judgment in favor of the Disbursing Agent and against Defendant for the amount of $75,000.00 plus costs of this action.

                              Respectfully submitted

                              By: /s/ *Thomas H. Riske*
                              Robert E. Eggmann, #37374MO
                              Thomas H. Riske #61838MO
                              DESAI EGGMANN MASON LLC
                              7733 Forsyth Boulevard, Suite 2075
                              Clayton, Missouri   63105
                              314-881-0800 (Telephone)
                              314-881-0812 (Fax)
                              reggmann@demlawllc.com (E-mail)
                              triske@demlawllc.com (E-mail)

                              Attorneys for Charles W. Riske, Disbursing Agent

## **CERTIFICATE OF SERVICE**

      A copy of the foregoing was served via ECF electronic noticing or by first class U.S. Mail, postage prepaid, on this 5th day of April, 2013, upon:

Keith D. Price, Esq.
Sandberg Phoenix & von Gontard, PC
600 Washington Avenue, 15th Floor
St. Louis, MO   63101

Office of the U.S. Disbursing Agent
111 South Tenth Street Suite 6353
St. Louis, MO 63102

                                      /s/Thomas H. Riske

415369.1